No. 03-013

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 171N

KAREN JO KING AND THOMAS A. KING,

      Plaintiffs and Respondents,

   v.

LOUIE VAN SETTEN, BETTY VAN SETTEN,
JAY D. RATLIFF, KARI L. RATLIFF,
CATHERINE A. DOCKTER, and SKIP LAVERDURE,

      Defendants and Appellants.


APPEAL FROM:    District Court of the Ninth Judicial District,
                      In and for the County of Teton, Cause No. DV 99-019
                      The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

            E. Lee LeVeque, Lee LeVeque Law Offices, Great Falls, Montana

      For Respondents:

            Dennis Tighe, Gregory J. Hatley, Davis Hatley Haffeman & Tighe,
            Great Falls, Montana


                            Submitted on Briefs:  August 21, 2003

                                   Decided:  June 29, 2004

Filed:

_____
                     Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Karen Jo King and Thomas A. King (the Kings) brought a complaint against Jay D. Ratliff and Kari L. Ratliff (the Ratliffs), Louie Van Setten and Betty Van Setten (the Van Settens), Catherine A. Dockter (Dockter) and Skip Laverdure (Laverdure) in September of 1999 in the Ninth Judicial District Court, Teton County. The Kings maintained that the waste water from the Ratliffs' seasonal flood irrigation, which flowed onto the Kings' property, was a nuisance and an intentional trespass, thus the Kings sought to permanently enjoin the Ratliffs from diverting the waste water from the irrigation onto the Kings' property. In 2002, the cases against the Van Settens, Dockter, and Laverdure were dismissed and the case against the Ratliffs proceeded to trial. The District Court permanently enjoined the Ratliffs from discharging any waste water onto the Kings' property. The Ratliffs appeal and we affirm.

¶3 We restate the issues on appeal as follows:

¶4 1. Whether the Kings were entitled to injunctive relief.

¶5 2. Whether the District Court erred when it found that the Ratliffs' irrigation practices caused erosion on the Kings' property.

2

¶6    3.  Whether the injunction was properly tailored.

## FACTUAL AND PROCEDURAL BACKGROUND

¶7    In 1998, the Ratliffs purchased property from the Van Settens.  This property lies adjacent to and to the South of the Kings' property.  Just as the Van Settens had done before them, the Ratliffs grow barley on the property and flood irrigate the barley for a period of eight to ten days each year.  After irrigation, some of the waste water flows to a culvert in the northeast corner of the barley field.

¶8    The culvert is 30-feet long and 15-inches wide and the discharge end of the culvert is underneath the Kings' fence at the top of a coulee that is wholly on the Kings' property.  The coulee has no permanent flow of water, except for a spring, which only seeps water.  The coulee runs in a northerly direction and connects with Muddy Creek (the Creek), which also runs through the Kings' property.

¶9    Due to the waste water being discharged on their land, and because of a problem with a road over which they had an easement, the Kings brought a complaint against the Ratliffs, the Van Settens, Dockter, and Laverdure in September of 1999.  The Kings contended, in their complaint, that the waste water discharge on their property was a nuisance and an intentional trespass.  The Kings asked the District Court for damages "for erosion and contamination of ground water caused by [the Ratliffs'] continuing trespass and nuisance cause by run off water," and for abatement of the nuisance.

¶10   In 2002, the cases against the Van Settens, Dockter and Laverdure were dismissed and the case against the Ratliffs proceeded to trial.  During the trial, the parties came to an

3

agreement regarding the easement, but could not resolve the dispute concerning the waste water discharge. At the conclusion of the trial, the District Court determined that the Kings were entitled to injunctive relief because "enjoining Defendants Ratliff from discharging the waste water from flood irrigation on the barley field onto Plaintiffs' property and allowing Defendants Ratliff to correct the problem at their means and costs best balances the equities in this matter."

## STANDARD OF REVIEW

¶11    We review a district court's grant or denial of an injunction to determine if the court manifestly abused its discretion. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, ¶ 12, 82 P.3d 912, ¶ 12.

## DISCUSSION

## ISSUE ONE

¶12    *Whether the Kings were entitled to injunctive relief.*

¶13    On appeal the Ratliffs argue that an injunction was not appropriate because there were legal remedies available.

¶14    The Ratliffs first contend, citing *Curran v. Dept. of Highways* (1993), 258 Mont. 105, 109, 852 P.2d 544, 546, that if a party's "loss can be compensated . . . it is not an irreparable injury." Though they allude to the fact that the waste water discharge onto the Kings' property is not an irreparable injury because the Kings can be compensated, the Ratliffs do not point to any evidence in the record that supports that supposition.

4

¶15 Rule 23(a)(4), M.R.App.P., states that the argument section of a brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Because the Ratliffs have failed to adequately support this argument in their brief, we will not address it.

¶16 Next, the Ratliffs point to § 27-30-301, MCA, and the District Court's order, which referred to abatement, for proof that abatement of the problem was also an available remedy. Section 27-30-301, MCA, reads: "The remedies against a private nuisance are: (1) a civil action; or (2) abatement." As far as this court is able to discern, the problem was abated. The Ratliffs were not enjoined from continuing their flood irrigation practices; indeed, they are still free to flood irrigate. They simply cannot allow waste water to be discharged onto the Kings' property. In other words, the injunction mandates abatement of the nuisance. Barring any further explanation from the Ratliffs of what their intent was in invoking § 27-30-301(2), MCA, we again refuse to consider the Ratliffs' legal remedies argument any further.

¶17 Therefore, we conclude that the District Court did not manifestly abuse its discretion when it enjoined the Ratliffs from permitting waste water to flood the Kings' property.

## ISSUE TWO

¶18 *Whether the District Court erred when it found that the Ratliffs' irrigation practices caused erosion on the Kings' property.*

5

¶19     The Ratliffs next argue that an injunction was not appropriate because the District Court erred in finding that the Ratliffs' irrigation practices caused erosion on the Kings' property.

¶20     The record reveals that both Karen Jo King and Thomas A. King testified that there was erosion on their property due to the waste water flow. Jay Ratliff testified that "[f]rom [his] property . . . [he] could not see any erosion" and Van Setten, the previous property owner, testified that when he went out to the property, to the head of the coulee, he did not see any erosion. Alan Rollo, the Sun River Watershed Coordinator who was working on key parts of erosion issues on Muddy Creek, testified that there was minor erosion in the wooded area of the coulee and the area showed some instability. In addition to this testimony, both parties presented pictures and videotapes of the coulee area depicting erosion, according to the Kings, or lack thereof, according to the Ratliffs.

¶21     Based on this evidence, the District Court found that the "addition of the waste water to the coulee has caused soft, unstable soil . . . ;" that the Kings, on occasion have been unable to cross the bottom of the coulee because the water has eroded the banks; and that the banks along Muddy Creek, because of the addition of the waste water to the coulee, have eroded.

¶22     We have held:

> This Court's function in reviewing findings of fact in a civil action tried by a district court without a jury is not to substitute its judgment in place of the trier of facts but rather it is confined to determining whether the findings of fact are clearly erroneous. Rule 52(a), M.R.Civ.P. Although conflicts may exist in the

6

evidence presented, it is the duty and function of the trial judge to resolve such conflicts.

. . .

[I]t is the trial court's office to resolve inconsistencies in the testimony, and where the evidence, fully considered, furnishes reasonable grounds for different conclusions, the findings of the trial court will not be disturbed.

*Meridian Minerals Co. v. Nicor Minerals, Inc.* (1987), 228 Mont. 274, 282-83, 742 P.2d 456, 461.

¶23 Hence, we cannot and will not substitute our judgment for that of the District Court. We see nothing in the District Court record to indicate that the District Court's findings as to erosion were clearly erroneous. As such, we hold that the District Court did not err in finding that the Ratliffs' irrigation practices caused erosion on the Kings' property.

### ISSUE THREE

¶24 *Whether the injunction was properly tailored.*

¶25 The Ratliffs' last argument concerning the impropriety of the injunction is that it was not properly tailored and that the injunction surpassed the remedy necessary to eliminate any injurious features of the Ratliffs' irrigation techniques.

¶26 We fail to see how this injunction was not properly tailored. As previously noted, the Ratliffs are still free to flood irrigate. They simply cannot allow waste water to be discharged onto the Kings' property. This appears to us to be a proper balance.

¶27 Accordingly, we hold that the injunction was properly tailored and we affirm the District Court's decision.

7

¶28    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE